UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KATLYN SZCZETANKOWSKI,

      Plaintiff,                      Civil Action No.:
                                    Honorable
v

TOMEY GROUP, LLC, and
TOHME MANAGEMENT, LLC,

      Defendants.

_____

JAMES B. RASOR  (P 43476)
ANDREW J. LAURILA  (P 78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
_____

## COMPLAINT & JURY DEMAND

NOW COMES PLAINTIFF, KATLYN SZCZETANKOWSKI, by and through her attorneys, Rasor Law Firm, PLLC, and for her Complaint against the above-referenced Defendants states as follows:

## GENERAL ALLEGATIONS

### Parties

1.      At all relevant times, Plaintiff Katlyn Szczetankowski was a resident of the City of Oxford, County of Oakland, State of Michigan.

2.      Defendant Tomey Group, LLC is a domestic limited liability company that operates various Jimmy John's locations, specifically the ones at issue here in the City of Auburn Hills, County of Oakland, State of Michigan.

3.      Defendant Tohme Management, LLC is a domestic limited liability company that jointly operates various Jimmy John's locations, specifically the ones at issue here in the City of Auburn Hills, County of Oakland, State of Michigan.

4.      At all material times, Plaintiff was an employee of Defendants.

5.      At all material times, Defendant Tomey Group and Tohme Management are joint employers for purposes of Title VII, the ELCRA and ADA given both maintained control over Plaintiff's employment and played a role in her work site, work hours, and pay.

6.      This lawsuit arises out of events occurring within the City of Auburn Hills, County of Oakland, and State of Michigan.

## Jurisdiction and Venue

7.      This cause of action involves violations of Plaintiff's civil rights, as secured by the United States and Michigan Constitutions, and is brought pursuant to the Americans with Disabilities Act ("ADA"), Title VII of the Civil Rights Act ("Title VII") and the Elliott-Larsen Civil Rights Act ("ELCRA").

8.      This Court has jurisdiction over the claims arising under federal law pursuant to 28 U.S.C. §§ 1331, 1343 and supplemental jurisdiction over the claims arising under state law pursuant to 28 USC §1367.

9.     Defendants are covered entities, which includes "employer[s]" within the meaning of the ADA, Title VII, and the Elliott-Larsen Civil Rights Act, MCL §37.2201(a).

10.     The amount in controversy exceeds $75,000.00 exclusive of costs, interest, and attorney fees, and jurisdiction is otherwise proper in this Court.

11.     Venue is appropriate in this Court pursuant to 28 USC §1391(b), as this cause of action arises out of occurrences that took place within this District in the County of Oakland and Defendant transacts and conducts business within this District.

## Administrative Procedures

12.     Plaintiff filed a charge with the EEOC based on sex, disability and retaliation.

13.     The EEOC issued Plaintiff a Right to Sue letter on May 12, 2021.

14.     Plaintiff has satisfied all jurisdictional requirements set forth by the EEOC for bringing federal causes of action as addressed below.

## COMMON FACTUAL ALLEGATIONS

15.     Plaintiff was employed as a delivery driver at Jimmy Johns located at 3976 Baldwin Road, Auburn Hills.[1]

---

[1] While these events transpired, the original owner of the Jimmy John's location (MI JJ, LLC) completed a transaction to Tomey Group, LLC for the sale of various

16.     On or around April 12, 2019, while on the job, Plaintiff was accosted by a store manager, James, when he tried to sit on her lap and then asked her if he could put his penis in her mouth.

17.     This sex-based treatment greatly offended and scared Plaintiff and thus she reported it other management.

18.     It is upon information and belief that the harasser had a propensity to engage in this type of offensive conduct towards females and/or had a criminal history involving the same.

19.     While working, Plaintiff told another store manager, Brent, that she was going to call the police to report the altercation; she was then sent home, which Defendant claimed was to diffuse the situation.

20.     A few days later, Brent called Plaintiff and she told him that she refused to work with James.

21.     Roughly two weeks after this horrifying incident, Plaintiff was transferred to a nearby Jimmy John's location in Auburn Hills, located at 4433 Interpark Drive.

22.     It is upon information and belief that the harasser, James, was neither transferred, terminated nor disciplined.

---

Jimmy Johns locations, including the ones at issue in this case. It is believed that this purchase agreement was signed on March 11, 2019 and closed on May 15, 2019.

23.     Although Plaintiff no longer had to work with her harasser, her job materially changed when she began working at this new store.

24.     Before, Plaintiff had largely been a delivery driver, which accommodated her disability (scoliosis) as she could not stand for long periods of time.

25.     But when she was transferred to the new store, she was no longer given driver duties, but instead had to work doing manual labor in the store.

26.     Further, when Plaintiff was transferred to the new store, her weekly hours were drastically cut, thus decreasing her wages.

27.     Throughout her employment with Defendant, her disability was known to management, specifically that she had issues standing for extended periods of time and doing manual labor.

28.     Despite that management knew these new duties increased her back pain and made working extremely difficult, she was forced to largely work in this labor position for the ensuing months.

29.     On or around October of 2019, because Plaintiff had continued to work very limited hours compared to what she previously worked and because her altered duties exacerbated her scoliosis and constantly caused her pain, she resigned her employment (constructive discharge).

### COUNT I
### VIOLATION OF 42 U.S.C § 12101, *et seq.*, OF THE AMERICANS WITH DISABILITIES ACT—DISCRIMINATION AND/OR FAILURE TO ACCOMMODATE

30.     Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 29, as if fully set forth herein.

31.     Title I of the Americans with Disabilities Act, 42 U.S.C. § 12112, prohibits discrimination against any qualified individual on the basis of disability in regard to job application procedures, hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

32.     42 U.S.C. § 12111(8) defines qualified individual to mean an individual who with or without reasonable accommodation can perform the essential functions of the employment position that such individual holds or desires.

33.     At all relevant times, Plaintiff was a qualified individual within the meaning of 42 U.S.C. § 12111(8).

34.     Plaintiff could perform her job duties with, or without, a reasonable accommodation.

35.     Plaintiff's scoliosis affects the substantial major life activities of walking, standing, bending, and working.

36.     42 U.S.C. § 12112(b) defines discrimination against a qualified individual on the basis of disability. The definition of discrimination includes the failure to reasonably accommodate a disabled individual. It includes the following:

> a.     42 U.S.C. § 12112(b)(3) includes in the definition of discrimination utilizing standards, criteria, or methods of

administration that have the effect of discrimination on the basis of disability.

b. 42 U.S.C. § 12112(b)(5) includes in the definition of discrimination the failure to reasonably accommodate a qualified individual with a disability.

c. 42 U.S.C. § 12112(b)(6) includes in the definition of discrimination the use of qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with a disability unless it is shown to be job related for the position in question and consistent with business necessity.

37. The ADA also requires an individualized inquiry into each individual's specific situation and need for an accommodation and accommodating such a request unless the request poses an undue hardship.

38. Defendants violated the ADA when it discriminated against Plaintiff based on her disability by failing to accommodate her reasonable requests for an accommodation and patently disregarding Plaintiff's medical condition and/or needs.

39. Specifically, Defendants knew that Plaintiff's scoliosis negatively impaired her ability to work a laborious job but refused to continue her delivery driver duties when she was transferred locations.

40. Defendants discriminated against Plaintiff by enforcing its policies regarding Plaintiff's specific job and disability and denying Plaintiff an accommodation lacking either a sufficient reason or engaging in any interactive process.

41.     Defendants never considered an assignment and/or duties that would not require constant standing, which increased Plaintiff's scoliosis-related pain.

42.     By ignoring ongoing discrimination and enforcing discriminatory policies against Plaintiff, Defendants disregarded Plaintiff's basic rights under the Americans with Disabilities Act.

43.     At all material times, Defendants knew of Plaintiff's limitations and how her existing assignment caused her severe pain, yet ratified this work requirement.

44.     Defendants' actions and policies in discriminating against Plaintiff based on her disability and failing to accommodate Plaintiff were conducted with malice or reckless indifference to Plaintiff's federally protected rights.

45.     Due to Defendants' failure to assign Plaintiff duties and responsibilities that did not cause her severe pain based on her disability, Plaintiff was forced to resign her employment (constructive discharge).

46.     As a direct and proximate result of Defendants' unlawful action, Plaintiff has sustained injuries and damages, including, but not limited to: potential loss of earning capacity, loss of career and employment opportunities, loss of employee benefits, loss of promotional opportunities, humiliation and embarrassment, mental and emotional distress, and loss of everyday pleasures of everyday life.

47.     Pursuant to the ADA, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, for but not limited to compensatory damages in whatever amount she is found to be entitled, exemplary damages commensurate with the wrong and Defendants' ability to pay, and an award of her fair and reasonable attorney fees, cost of litigation, and interest.

### COUNT II – HOSTILE WORK ENVIRONMENT – TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000e-2 AS TO DEFENDANTS

48.     Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 47 of the complaint.

49.     Title VII of the Civil Rights Act of 1964, 42 USC §2000e, *et seq*. prohibits discrimination and/or harassment against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex.

50.     At all material times, Plaintiff was an employee of Defendants, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 USC §2000e, *et seq*.

51.     Plaintiff is a Female and is member of a protected class under Title VII of the Civil Rights Act of 1964.

52.     Defendants are joint employers under Title VII given both entities exercised control over the terms of Plaintiff's employment, including her assignment and/or working conditions, paid her salary, and generally controlled whether she could be hired and fired.

53.     As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendant owed Plaintiff a duty not to discriminate against and/or harass her and/or permit harassment with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of sex.

54.     Defendants, by their agents, representatives, and/or employees, was predisposed to permit discrimination and harassment on the basis of Plaintiff's sex and acted in accordance with that predisposition.

55.     While employed by Defendants, Plaintiff was subjected to a sexually-hostile work environment and experienced a sexually-charged workplace from Defendants' manager, and this harassment was ratified by and through Defendants' agents, servants and/or employees, said acts being made unlawful by Title VII of the Civil Rights Act of 1964, 42 USC §2000e, *et seq*.

56.     Upon information and belief, because Plaintiff's harasser's previous conduct in the workplace and/or criminal history, it was foreseeable that this incident would occur and that Plaintiff would be victimized by him.

57.     Defendants, by and through their agents, servants and/or employees intentionally violated Title VII by the following acts:

a)      discriminating against Plaintiff with respect to employment, compensation, or a term, condition or privilege of employment, because of sex;

b)      limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff's employment because of sex;

c)      segregating, classifying or otherwise discriminating against Plaintiff on the basis of her sex with respect to a term, condition or privilege of employment, including a benefit plan or system;

d)      creating and permitting an unbearable work environment based on threats, offensive comments, and outrageous conduct on the basis of sex;

e)      failing to provide a work environment free from discriminatory/harassing/offensive conduct; and

f)      failing to take remedial, corrective measures to prevent such conduct in the future upon notice of the harassing treatment.

58.     The disparate, less favorable and harassing treatment which Plaintiff experienced and reported to Defendants while employed came from Defendants, its

agents and/or employees, specifically but not limited to one of the Baldwin location's manager, an individual who had authority over Plaintiff's assignment.

59.     Defendants subjected Plaintiff to disparate, harassing treatment in whole or in part because of her sex, and such treatment was sufficiently severe and pervasive such that Plaintiff was subjected to a hostile work environment on the basis of sex.

60.     Following Plaintiff's complaint regarding this harassment, Defendants did not remedy the situation but instead transferred Plaintiff to a location where she was forced to work fewer hours and work in a difference capacity that negatively affected her scoliosis.

61.     Due to the harassing and offensive nature of this sexually-pervasive work environment, Plaintiff was unable to perform her job duties because of the abusive, hostile environment,

62.     Plaintiff felt uncomfortable based on the manager's offensive, sexually motivated conduct.

63.     The manager, James, did not perform any of the above-referenced acts against any male employees.

64.     Defendants have a policy or pattern of practice that encourages management or supervisory personnel to fail to take prompt and corrective action upon notice of harassing conduct and/or that tolerates the disparate and less favorable treatment of the same by said management and supervisory personnel.

65.     Defendants have a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate/less favorable and harassing treatment of female employees by male employees.

66.     Defendants have a policy or pattern of practice of transferring harassed employees into a less favorable, different assignment (effectively punishing them) and failing to punish the harasser.

67.     Defendants had no legitimate business reason for its actions, in violation of Title VII, which specifically prohibits discrimination and harassment against any person regarding employment and/or the terms of employment on the basis of sex.

68.     By failing to take prompt and effective remedial actions but instead transferring Plaintiff to a worse assignment and allowing the harasser to remain in his same assignment, Defendants have in effect condoned, ratified, and/or authorized harassment against Plaintiff and individuals similarly situated to her.

69.     Defendants and their agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

70.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, which constitute a hostile work environment based on sex, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss

of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

71.     Pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e, *et seq*., Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. Defendants' conduct was and remains extreme and outrageous subjecting Defendant to punitive damages.

**WHEREFORE**, Plaintiff, respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus costs, interest and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred.

<u>**COUNT III – HOSTILE WORK ENVIRONMENT –**</u>
<u>**VIOLATION OF THE ELLIOTT-LARSEN**</u>
<u>**CIVIL RIGHTS ACT, MCL §37.2101, *et seq*.**</u>
<u>**AS TO ALL DEFENDANTS**</u>

72.     Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 71 as stated above.

73.     The Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*. prohibits discrimination against any individual with respect to employment, compensation, or a term, condition, or privilege of employment because of sex.

74.     The Elliott-Larsen Civil Rights Act, MCL §37.2103(i) permits a claim that "[d]iscrimination because of sex includes sexual harassment. Sexual harassment means unwelcome sexual advances, requests for sexual favors, and other verbal or physical conduct or communication of a sexual nature" where "[t]he conduct or communication has the purpose or effect of substantially interfering with an individual's employment, public accommodations or public services, education, or housing, or creating an intimidating, hostile, or offensive employment, public accommodations, public services, educational, or housing environment."

75.     At all material times, Plaintiff was an employee of Defendants, covered by and within the meaning of the Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*.

76.     Defendants are joint employers under Title VII given both entities exercised control over the terms of Plaintiff's employment, including her assignment and/or working conditions, paid her salary, and generally controlled whether she could be hired and fired.

77.     Plaintiff is a female and a member of a protected class under the Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*.

78.     As employers within the meaning of the Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*., Defendants owed Plaintiff a duty not to discriminate against and/or harass her and/or permit harassment with respect to employment,

promotional opportunities, compensation or other conditions or privileges of employment on the basis of sex.

79.    Defendants, by their agents, representatives, and/or employees, were predisposed to permit discrimination and harassment on the basis of Plaintiff's sex and acted in accordance with that predisposition.

80.    While employed by Defendants, Plaintiff was subjected to sexual-motivated treatment by Defendants' manager, and this sexually-related conduct was ratified by and through Defendant, its agents, servants and/or employees, and said acts being made unlawful by the Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*.

81.    Defendants, by and through their agents, servants and/or employees intentionally violated the ELCRA by the following acts:

    a.    discriminating against Plaintiff with respect to employment, compensation, or a term, condition or privilege of employment, because of sex;

    b.    limiting, segregating, or classifying Plaintiff in a way which deprived or tended to deprive Plaintiff of an employment opportunity or otherwise adversely affecting the status of Plaintiff's employment because of sex;

    c.    segregating, classifying or otherwise discriminating against Plaintiff on the basis of her sex with respect to a term, condition or privilege of employment, including a benefit plan or system;

      d.      creating and permitting an unbearable work environment based on threats, offensive comments, and outrageous conduct on the basis of sex;

      e.      failing to provide a work environment free from discriminatory/harassing conduct; and

      f.      failing to take remedial actions upon notice of the harassing treatment.

82.    The disparate, harassing and less favorable treatment to which Plaintiff experienced and reported to Defendant while employed came from management and supervisory personnel.

83.    Defendants subjected Plaintiff to disparate, harassing treatment in whole or in part because of her sex, and such treatment was sufficiently severe and pervasive such that Plaintiff was subjected to a hostile work environment on the basis of Plaintiff's sex.

84.    Following Plaintiff's complaint regarding this harassment, Defendants did not remedy the situation but instead transferred Plaintiff to a location where she was forced to work fewer hours and work in a difference capacity that negatively affected her scoliosis.

85.    Due to the harassing and offensive nature of this sexually pervasive work environment, Plaintiff was unable to perform her job duties because of the abusive, hostile environment,

86.    Plaintiff felt uncomfortable based on the manager's offensive, sexually motivated conduct.

87.     The manager, James, did not perform any of the above-referenced acts against any male employees.

88.     Defendants have a policy or pattern of practice that encourages management or supervisory personnel to fail to take prompt and corrective action upon notice of harassing conduct and/or that tolerates the disparate and less favorable treatment of the same by said management and supervisory personnel.

89.     Defendants have a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate/less favorable and harassing treatment of female employees by male employees.

90.     Defendants have a policy or pattern of practice of transferring harassed employees into a less favorable, different assignment (effectively punishing them) and failing to punish the harasser.

91.     Defendants had no legitimate business reason for its actions, in violation of the Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq*., which specifically prohibits discrimination/harassment against any person regarding employment and/or the terms of employment on the basis of sex.

92.     By failing to take prompt and effective remedial actions but instead transferring Plaintiff to a worse assignment and allowing the harasser to remain in his same assignment, Defendants have in effect condoned, ratified, and/or authorized harassment against Plaintiff and individuals similarly situated to her.

93.     Defendants and their agents, servants and/or employees' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

94.     As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, which constitute a hostile work environment based on sex, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

95.     Pursuant to the Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq.*, Defendants are liable to Plaintiff for all damages allowed under state law.  To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.  Defendants' conduct was and remains extreme and outrageous subjecting Defendants to excess damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants, in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, together with interest, costs and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

<u>**COUNT IV –**</u>
<u>**RETALIATION TITLE VII – 42 U.S.C 2000e**</u>

96.    Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 95, as if fully set forth herein.

97.    Title VII prohibits retaliation against any individual because that person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in any investigation … under this act. 42 U.S.C. § 2000e-3(a).

98.    At all material times, Plaintiff was an employee of Defendants, covered by and within the meaning of Title VII and for the reasons stated above, Defendants are joint employers.

99.    Complaining about, reporting, and/or opposing discriminatory treatment is a statutorily protected activity.

100.   As employers within the meaning of Title VII, Defendants owed Plaintiff a duty not to retaliate against her with respect to employment, promotional opportunities, post-termination rights, compensation or other conditions or privileges of employment on the basis of her engaging in statutorily protected activities.

101.   Plaintiff engaged in conduct protected under Title VII, including, but not limited to, complaining of, reporting, and/or opposing the discriminatory conduct of the agents, servants, and/or employees of Defendants when she reported the April 12 incident to management.

102.   Defendants had knowledge of Plaintiff's protected activities.

103.   Defendants, by and through their agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, altering Plaintiff's hours so she worked significantly less and earned less, changing Plaintiff's specific job where she no longer drove delivery, and denying Plaintiff various employment benefits and denying her other conditions, terms, opportunities, and privileges provided to other, non-engaging in protected activity employees of Defendant.

104.   Defendants' ongoing retaliation, as stated above, led to Plaintiff's foreseeable resignation (constructive discharge) as she could not earn a living given her decreased weekly hours and as she was forced to perform a different job that negatively impacted her health.

105.   Defendants and their agents, servants and/or employees' actions were intentional and willful with reckless indifference to Plaintiff's rights and sensibilities.

106.   By treating the complainee better than Plaintiff, Defendants evidenced a retaliatory animus, particularly given the harasser's managerial role.

107.   As a direct and proximate result of Defendants' unlawful actions and retaliation against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

108.   Pursuant to Title VII, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants including but not limited to actual damages in whatever amount she is found to be entitled to and punitive and/or exemplary damages under Title VII, and any other damages permitted under Title VII, and an award of her fair and reasonable attorney fees, cost of litigation, and interest.

## COUNT V – RETALIATION
## THE ELLIOTT-LARSEN CIVIL RIGHTS ACT,
## M.C.L. § 37.2101 *et seq*.

109.   Plaintiff hereby restate and re-allege the allegations contained in paragraphs 1 through 108 above, as though fully set forth herein.

110.   The Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*. prohibits retaliation against any individual because that person has opposed a violation of this act, or because the person has made a charge, filed a complaint, testified, assisted, or participated in any investigation … under this act.

111. At all material times, Plaintiff is and has been an employee of Defendants covered by and within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*.

112. Defendants are joint employers under ELCRA given both entities exercised control over the terms of Plaintiff's employment, including her assignment and/or working conditions, paid her salary, and generally controlled whether she could be hired and fired.

113. As employers within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., Defendants owed Plaintiff a duty not to retaliate against Plaintiff with respect to her employment, promotional opportunities, compensation, post-termination rights, or other conditions or privileges of employment on the basis of reporting harassment and discrimination.

114. Complaining about, reporting, and/or opposing sexual harassment and treatment is a statutorily protected activity under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*.

115. Plaintiff engaged in conduct protected under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., including, but not limited to, complaining of, reporting, and/or opposing the discriminatory and harassing conduct of the agents, servants, and/or employees of Defendants.

116. Defendants had knowledge of Plaintiff's complaints and protected activities as set forth in the preceding paragraphs.

117.   Defendants, by and through their agents, servants, and/or employees, subsequently took adverse, retaliatory action against Plaintiff including, but not limited to, altering Plaintiff's hours so she worked significantly less and earned less, changing Plaintiff's specific job where she no longer drove delivery, and denying Plaintiff various employment benefits and denying her other conditions, terms, opportunities, and privileges provided to other, non-engaging in protected activity employees of Defendant.

118.   Defendants' ongoing retaliation, as stated above, led to Plaintiff's foreseeable resignation (constructive discharge) as she could not earn a living given her decreased weekly hours and as she was forced to perform a different job that negatively impacted her health.

119.   Defendants and their agents, servants and/or employees' actions were intentional and willful with reckless indifference to Plaintiff's rights and sensibilities.

120.   By treating the complainee better than Plaintiff, Defendants evidenced a retaliatory animus, particularly given the harasser's managerial role.

121.   As a direct and proximate result of Defendants' unlawful actions and retaliation against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

122.    Pursuant to the Elliott-Larsen Civil Rights Act, MCL §37.2101, *et seq.*, Defendants are liable to Plaintiff for all damages allowed under state law.  To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.  Defendants' conduct was and remains extreme and outrageous subjecting Defendants to excess damages.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment against Defendants, in an amount in excess of Twenty-Five Thousand ($25,000) Dollars, together with interest, costs and reasonable attorney fees, and grant further such relief as this Court deems fair and just under the circumstances.

<u>**COUNT VI – DISPARATE TREATMENT**</u>
<u>**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 – 42 U.S.C. § 2000E-2 –**</u>
<u>**SEX DISCRIMINATION—**</u>
<u>**AS TO ALL DEFENDANTS**</u>

123.    Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 122, as if fully set forth herein.

124.    Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* prohibits discrimination against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of such individual's sex.

125.    At all material times, Plaintiff has been an employee of Defendants, covered by and within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2.

126.   Plaintiff is a female and she is a member of a protected class under Title VII of the Civil Rights Act of 1964.

127.   As an employer within the meaning of the Title VII of the Civil Rights Act of 1964, Defendants owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her sex.

128.   Because of her sex, Plaintiff was subjected to treatment during her career with Defendant that has been disparate from that accorded to non-minority co-workers of Defendant and at the location of Plaintiff's employment, who have been treated more favorably than she.

129.   The disparate and less favorable treatment to which Plaintiff has been subjected during the time that she was employed by Defendant has included adverse employment actions on the basis of Plaintiff's sex, including being transferred to a new location with fewer hours and worse working conditions, when her male harasser was not, or Plaintiff has otherwise been discriminated against with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her sex.

130.   Defendants' above-referenced collective treatment of Plaintiff, all of which involves her sex, led to her foreseeable resignation (constructive discharge).

131.   The disparate and less favorable treatment to which Plaintiff was subjected during the time that she was employed by Defendants has come both from

management and supervisory personnel, and from Plaintiff's non-minority co-workers.

132.   Defendants have a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against female employees, or that tolerates the disparate and less favorable treatment of female employees by said management and supervisory personnel.

133.   Defendants have a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of female employees by non-female employees and/or supervisory personnel.

134.   The individual employees of Defendants have either directly discriminated against Plaintiff or have tolerated and looked the other way to disparate and less favorable treatment of Plaintiff by her non-female co-workers and/or supervisory personnel.

135.   The disparate treatment to which Plaintiff has been subjected during her career with Defendants has been so substantially disparate and less favorable than the treatment of non-female employees that it raises an inference of disparate treatment discrimination.

136.   There is no legitimate business reason justifying the disparate treatment to which Plaintiff has been subjected during her career with Defendants.

137.  As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

138.  Pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.  The conduct of Defendants was and remains extreme and outrageous subjecting Defendant to punitive damages.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants in an amount that is fair and reasonable and compensates Plaintiff for her injuries, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred.

## COUNT VII– SEX DISCRIMINATION
## VIOLATION OF THE ELLIOTT-LARSEN CIVIL RIGHTS ACT,
## M.C.L. § 37.2101 *et seq.*, AS TO ALL DEFENDANTS

139.  Plaintiff reasserts and re-alleges each and every allegation contained in paragraphs 1 through 138, as if fully set forth herein.

140.   The Elliott-Larsen Civil Rights Act prohibits discrimination against any individual with respect to employment, compensation, or a term, condition, or privilege of employment because of sex. M.C.L. § 37.2202(a).

141.   At all times material and relevant, Plaintiff was an employee and Defendants were Plaintiff's employers, covered by and within the meaning of the Elliot Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*, given Defendants are joint employers.

142.   Plaintiff is a female and thus member of a protected class under the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*.

143.   As employers within the meaning of the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., Defendants owed Plaintiff a duty not to discriminate against her with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her sex.

144.   Because of her sex, Plaintiff was continuously subjected to treatment during her tenure with Defendants that was disparate from that accorded to non-femle co-workers, who have been treated more favorably than her, specifically but not limited to being transferred to an assignment where she worked less hours and in worse conditions when her male harasser remained employed in his position.

145.   The disparate and less favorable treatment to which Plaintiff has been subjected during the time that she was employed by Defendant has included adverse employment actions on the basis of Plaintiff's sex, including being transferred to a

new location with fewer hours and worse working conditions, when her male harasser was not, or Plaintiff has otherwise been discriminated against with respect to employment, promotional opportunities, compensation or other conditions or privileges of employment on the basis of her sex.

146.   Defendants' above-referenced collective treatment of Plaintiff, all of which involves her sex, led to her foreseeable resignation (constructive discharge).

147.   The disparate and less favorable treatment to which Plaintiff was subjected during her employment came both from management and supervisory personnel.

148.   Defendants have a policy or pattern of practice that encourages management or supervisory personnel to directly discriminate against female employees or that tolerates the disparate and less favorable treatment of the same by said management and supervisory personnel.

149.   Defendants have a policy or pattern of practice that encourages management or supervisory personnel to look the other-way or actively encourage disparate and less favorable treatment of female employees by non-female employees and/or supervisory personnel.

150.   The disparate treatment to which Plaintiff was subjected during her career with Defendants was so substantially disparate and less favorable than the treatment of non-protected, dissimilar employees that it raises an inference of disparate treatment discrimination.

151.   The disparate treatment to which Plaintiff was subjected to during her time at Defendants was so substantially disparate and less favorable than the treatment received by her non-protected co-workers that it unreasonably interfered with Plaintiff's work performance.

152.   There is no legitimate business reason justifying the disparate treatment to which Plaintiff was subjected to.

153.   As a direct and proximate result of Defendants' unlawful actions against Plaintiff as described herein, Plaintiff has suffered injuries and damages, including, but not limited to, potential loss of earnings and earning capacity, loss of career opportunities, loss of reputation and esteem in the community, mental and emotional distress, and loss of the ordinary pleasures of life.

154.   Pursuant to the Elliott-Larsen Civil Rights Act, M.C.L. § 37.2101 *et seq*., Defendants are liable to Plaintiff for all damages allowed under state law.  To the extent that the damages allowable and/or recoverable are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $25,000.00, together with costs, interest, and attorney fees so wrongfully incurred, as the Court deems just.

THE RASOR LAW FIRM, PLLC

*/s/ Andrew J. Laurila*
ANDREW J. LAURILA (P78880)
Attorney for Plaintiff
201 E. 4th Street
Royal Oak, MI 48067

Dated: August 10, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATLYN SZCZETANKOWSKI,

      Plaintiff,                        Civil Action No.:
                                              Honorable

v

TOMEY GROUP, LLC, and
TOHME MANAGEMENT, LLC,

      Defendants.

_____

JAMES B. RASOR  (P 43476)
ANDREW J. LAURILA  (P 78880)
Rasor Law Firm, PLLC
Attorneys for Plaintiff
201 E. Fourth Street
Royal Oak, MI  48067
248/543-9000 // 248/543-9050 fax
_____

**<u>RELIANCE ON JURY DEMAND</u>**

      NOW COMES Plaintiff, KATLYN SZCZETANKOWSKI, by and through her attorneys,

Rasor Law Firm, PLLC, by ANDREW J. LAURILA, and hereby respectfully relies upon the

jury demand filed in the within cause of action.

                     THE RASOR LAW FIRM, PLLC

                     */s/ Andrew J. Laurila*
                     ANDREW J. LAURILA (P78880)
                     Attorney for Plaintiff
                     201 E. 4th Street
                     Royal Oak, MI 48067

Dated: August 10, 2021