UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KATLYN SZCZETANKOWSKI,<br>      Plaintiff,<br>v.<br><br>TOMEY GROUP, LLC and<br>TOHME MANAGEMENT, LLC,<br>      Defendants.<br>_____/ | Case No. 21-11853<br><br>Denise Page Hood<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

## **ORDER GRANTING MOTION TO COMPEL (ECF No. 29)**

  Defendants Tomey Group, LLC, and Tohme Management, LLC, moved to compel Plaintiff to appear for deposition and respond to interrogatories and requests for production of documents. (ECF No. 29). This motion was referred to the undersigned for determination. (ECF No. 30).

  Parties may obtain discovery related to any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26. Information within this scope of discovery need not be admissible in evidence to be discoverable. *Id.* "Although a [party] should not be denied access to

information necessary to establish her claim, neither may a [party] be permitted to 'go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Superior Prod. P'ship v. Gordon Auto Body Parts Co.*, 784 F.3d 311, 320-21 (6th Cir. 2015) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. Fed. R. Civ. P. 37.

According to Defendants, they served their requests for documents and interrogatories on March 18, 2022. During April 2022, the parties agreed to suspend discovery pending facilitation. The undersigned conducted a settlement conference on August 17, 2022. That conference ended when it became clear that there may be other defendants not yet named. So the parties were given time to investigate all potential and necessary defendants. (ECF No. 25). On October 20, 2022, Plaintiff's counsel indicated that there were no other potential defendants here.

On November 16, 2022, Defendants noticed Plaintiff's deposition. This date did not work for Plaintiff's counsel, but counsel did not provide dates that would. On February 20, 2023, Defendants again noticed Plaintiff's deposition. (ECF No. 29, PageID.185-86). The date again did not work for Plaintiff's counsel, but counsel did not suggest other dates. To date, Plaintiff has not responded to

discovery requests or provided a workable date for her deposition. (*Id.* at PageID.186).

In response, Plaintiff states she has been diligently working with counsel to complete discovery and to schedule her deposition, but she requires more time because working through discovery has triggered "an acute emotional response." (ECF No. 31, PageID.209). She did not propose dates when she could serve responses and sit for a deposition. Defendant asks that Plaintiff be compelled to respond to discovery and sit for her deposition within 14 days of this Order. (ECF No. 32, PageID.218).

The motion to compel is **GRANTED**. While the Court is sympathetic to the emotional nature of the claims asserted, Plaintiff must participate in discovery. Aside from the emotional nature of the claims, Plaintiff did not a cite a valid reason not to timely participate in discovery. She must serve responses to outstanding interrogatories and requests for production of documents **on or before April 5, 2023**. She must sit for her deposition **on or before April 11, 2023**. If the parties require more time for discovery or to file dispositive motions, they may file a motion seeking relief.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal

Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: March 23, 2023
                                    s/Curtis Ivy, Jr.
                                    Curtis Ivy, Jr.
                                    United States Magistrate Judge